JOHN V. SPILOTRO, ESQ.
Nevada Bar No. 4134
LISA M. SZYC, ESQ.
Nevada Bar No. 11726
THE LAW OFFICES OF
JOHN V. SPILOTRO, ESQ., P.C.
626 South Third Street
Las Vegas, Nevada  89101
Telephone:  (702) 385-4994
Facsimile:  (702) 385-5125
Email:    lisa@spilotroandkulla.com
Attorneys for Ricky Ricardo Plazola

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| THE STATE OF NEVADA | ) | 2:13-cr-00395-GMN-GWF |
| Plaintiff, | ) ) | |
| vs. | ) ) | MOTION FOR PRE-PLEA PRESENCE REPORT FOR DETERMINATION OF CRIMINAL HISTORY |
| RICKY RICARDO PLAZOLA | ) ) | |
| Defendant | ) ) ) | |

  COMES NOW, Defendant, RICKY RICARDO PLAZOLA, by and through his attorney of record, John V. Spilotro, Esq., and moves this Court to order the United States Department of Parole and Probation to perform a presentence investigation for the limited purpose of calculating Defendant's criminal history, prior to Defendant entering into a proposed plea agreement with the Government. The attorney for the Government, Assistant U.S. Attorney, Robert Knief, has advised counsel that he has no objection to the motion to have Federal Parole and Probation conduct the pre-plea presentence investigation for the sole purpose of determining Defendant's criminal history. This will assist the Defendant in determining the potential consequences of entering a plea.

///

1

# I.

## MEMORANDUM OF POINTS AND AUTHORITIES

The preparation and use of a presentence report is governed by 18 U.S.C. Sec. 3552 and Fed. R. Crim. P. 32. There is support for the position that Rule 32 permits the preparation of pre-plea presentence report. Rule 32 provides as follows:

> **(e) Disclosing the Report and Recommendation**
>
> **(1) Time to Disclose.** Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contender, or has been found guilty.

The rule thus protects against non-consensual disclosure of a presentence report to the court or "anyone" prior to a plea of guilty or finding of guilt. The protection against pre-plea *disclosure* necessarily suggests that the pre-plea *creation* of a presentence report is therefore permissible. The legislative history of Rule 32 also shows that the Probation Department may create a pre-plea sentence report, or else Rule 32 makes no sense. Having prepared such a report, probation may disclose the contents to the defendant or the government, with defendant's permission, prior to entry of plea. In this way a defendant can have some idea of a potential sentence he may face should he decide to enter into a plea negotiation.

Defendant is contemplating a pela offer extended by the government. Material to this decision is the determination as to his criminal history. Specifically, whether or not older convictions may be used against him to enhance his sentence. It is true that the Court may not participate in plea discussions, nor may the Court force Defendant to submit to an interview with probation in violation of his 5th Amendment right against self-incrimination. Similarly, the Court may not force the

government to reveal its evidence at an earlier stage than might otherwise be required. However, the Court does have the discretion to order the probation office to prepare a criminal history of the defendant. The compilation of such a criminal history would serve the ends of justice and would not be unduly burdensome under the circumstances. The Defendant's criminal history is already a matter of public record, its impact upon sentencing is ordinarily fairly straightforward, regardless of Defendant's willingness to cooperate. Therefore, the compilation of such information prior to a guilty plea would not give rise to concerns that the Court is improperly participating in plea negotiations.

For the foregoing reasons, Defendant moves this Court to order probation to conduct a pre-plea presentence investigation for the limited purpose of determining the Defendant's criminal history.

Dated this 4th day of April, 2016.

Respectfully Submitted,

  /s/ John V. Spilotro, Esq.  
John V. Spilotro, Esq.
Nevada Bar No. 4134
Attorney for Defendant Ricky Ricardo Plazola

**ORDER**

**IT IS HEREBY ORDERED** that Defendant Ricky Ricardo Plazola's Motion for a Pre-Plea Determination of Criminal History (ECF No. 109) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall prepare and provide to the Court by June 13, 2016, a Pre-Plea Presentence Investigation Report with the guideline calculation requested for Defendant's **criminal history only**.

**DATED** this 15 day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court